247 So.2d 72 (1971)
OCEAN RIDGE DEVELOPMENT CORPORATION, Appellant,
v.
QUALITY PLASTERING, INC., a Florida Corporation, Appellee.
No. 70-464.
District Court of Appeal of Florida, Fourth District.
April 7, 1971.
Rehearing Denied May 11, 1971.
*73 Howard A. Setlin, of Copeland, Therrel, Baisden & Peterson, Miami Beach, for appellant.
Frank E. Booker and Luther Taylor, of Ryan, Taylor & Law, North Palm Beach, for appellee.
*74 REED, Judge.
This is an appeal from a final judgment of the Circuit Court of Palm Beach County entered on a jury verdict for the plaintiff, Quality Plastering, Inc. The appellant, Ocean Ridge Development Corporation, was the defendant below.
The issues were made by the amended complaint, the answer thereto, and a counterclaim. The amended complaint was filed on 2 October 1969 and it contained two counts. The first count alleged that the plaintiff and the defendant entered into a written contract by which the plaintiff was to provide defendant the labor and material necessary for plastering a construction project known as "Paget House" for the total sum of $24,820.00. The amended complaint alleges that the plaintiff performed the contract and that there was due and owing to it on the contract a balance of $4,820.00
Count II of the amended complaint alleges a similar contract between the plaintiff and the defendant under which the plaintiff was to plaster a building known as "King's Bay House" for the sum of $60,000.00. The plaintiff alleged that it had fully performed and was owed a balance on the contract of $18,500.00.
The answer admits the existence of the contracts, but denies performance. By a two-count counterclaim the defendant alleged that the plaintiff breached the contract to plaster Paget House in that the plaintiff failed to perform the work properly and delayed the job  all of which necessitated repairs and caused damage to the defendant. Count II of the counterclaim alleges the exact same defaults with respect to the plaintiff's contract on the other project, King's Bay House. The counterclaim demanded damages in an amount in excess of $15,000.00.
The cause was tried before a jury and a verdict for $21,545.00 was returned in favor of the plaintiff.
At the charge conference the defendant requested the following instruction:
"The Court instructs you that where recovery upon a contract is claimed which requires full performance by plaintiff, recovery thereon cannot be sustained in the absence of proof of substantial performance by the plaintiff by a preponderance of the evidence."
The trial court refused this instruction.
Defendant's motion for new trial was denied. The motion for new trial addressed itself among other things to the failure of the trial court to give that instruction on substantial performance. With respect to this failure the trial judge said in his order denying the motion for new trial:
"The Defendant's motion, served February 27, 1970, for new trial is denied. The Court is of the view that the error, if any, was harmless in failing to give the Defendant's request for a charge on substantial performance in view of the uncontradicted testimony that the Plaintiff has substantially performed its contract. * * *"
As stated by the appellant, the first point on appeal is:
"Whether the trial judge erred in failing to instruct the jury on the doctrine of substantial performance."
Where a construction contract has been substantially but not fully performed, the promisee may recover the contract price, but the promisor has a correlative right to recover damages, caused by the failure of the promisee to render full performance. Carr v. Stockton, 1922, 84 Fla. 69, 92 So. 814 (syllabus by the Court, headnote 2); Poranski v. Millings, Fla. 1955, 82 So.2d 675, 678; 17A C.J.S. Contracts § 509. Normally where the promisee brings an action to recover the contract price, the promisor's right to damages for the failure of the promisee to fully perform the contract should be asserted by a counterclaim as was done here. Appropriate verdicts should be submitted to the jury and a net judgment entered by the court *75 after the verdicts are received. See 3A Corbin on Contracts § 709 and RCP Rule 1.170(c), 30 F.S.A.
Clearly the doctrine of substantial performance applied to the present case under the theory of the amended complaint and the facts in evidence. The failure of the trial court to give the instruction, however, is not reversible error for two reasons.
The first reason is that the failure was harmless error.
Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance. See 3A Corbin on Contracts § 702 et sequi. Whether or not there has been substantial performance is normally a question of fact for the trier of fact to resolve based on all the relevant evidence. In our particular case, however, the evidence was sufficiently clear that the issue of substantial performance could have been withdrawn from the jury and determined in the plaintiff's favor as a matter of law. The defendant's own expert witness, William Lee Clark, testified in effect that the work in question was 99% complete when the plaintiff left the job site. Mr. Clark was a plastering contractor whom the defendant had hired after the plaintiff left the job to do patch work and minor repairs. Since Mr. Clark was the defendant's own witness, the defendant should be bound by his testimony. Union Bus Co. v. Matthews, 1939, 141 Fla. 99, 192 So. 811.
The second reason why the failure to give the instruction is not reversible error is that the error, if any, was invited. The following colloquy between counsel and the trial judge occurred during the charge conference:
"THE COURT: $7,762.66. The defendant concedes that amount is owed?
"MR. SETLIN [attorney for defendant]: Yes, Your Honor.
"THE COURT: On the counterclaim?
"MR. SETLIN: Only on our counterclaim.
"THE COURT: I don't understand that. You are getting too profound for me.
"MR. SETLIN: Your Honor, as I see it, and I believe he may have carried his burden, Your Honor says there is at least enough evidence. In order to prove his claim he has a burden also. He has a burden to prove substantial performance, isn't that true?
"MR TAYLOR [plaintiff's attorney]: We proved our burden of substantial performance.
"MR. SETLIN: If he didn't prove that, Your Honor, the law says he is not entitled to a penny. But once he has proved substantial performance, then the contract provisions come into play, and that says that if you have not fully performed or have substantially performed, the amount of the counterclaimant's damages are the amount necessarily expended to bring the work into a good workmanlike condition. That is about it.
"THE COURT: How about this?
"MR. SETLIN: Our bills total that amount, $15,557.34. So we say we owe him, we admit owing him $7,762.66. But that is the reason I say we did it on the counterclaim, only because I want to hold him to that burden, and being candid, of course he has quite a bit of evidence that he substantially performed." (Emphasis added.)
In our opinion, the trial judge certainly could have inferred from this an admission that the plaintiff was entitled to a balance on the contract. This apparent admission could have been considered by the trial judge as equivalent to an admission of at least substantial performance because, as defendant's counsel said, without *76 substantial performance nothing would have been due on the contract.
The second point as stated by appellant is:
"Whether the trial judge erred in failing to submit to the jury a verdict form in favor of Ocean Ridge Development Corporation."
Even where substantial performance is shown, the promisor is entitled to recover damages for the failure of the promisee to render full performance. This offset would diminish or defeat the recovery of the promisee and in some cases could exceed it.
The court did not submit a verdict form to the jury that would have allowed a separate recovery to the defendant on the counterclaim. The appellant claims under Point II that this was reversible error. In our view this was at most harmless error as to which the appellant has no standing to object.
At page 372 of the transcript the following instruction to the jury appears:
"If the greater weight of the evidence supports the claims of the counterclaimant, you should reduce the balance due under the contract by the amount shown by the greater weight of the evidence. If, however, the greater weight of the evidence does not support the counterclaim of the counterclaimant, defendant, you should find against the counterclaim (sic) on the counterclaim and allow no reduction, to the defendant, for unworkmanlike work."
By this instruction, the defendant received the benefit of his counterclaim because the jury was instructed to diminish any recovery for the plaintiff by the amount of defendant's damages. The verdict indicates that the jury followed the instruction. The amount due on the contracts was $23,320.00. The amount of the verdict was $21,545.00. Presumably this reduction was to compensate the defendant for the cost which it was reasonably required to incur for work left undone by the plaintiff.
Furthermore, it appears that the appellant has no standing to object to the failure of the court to give the jury a separate verdict form which would have been appropriate for use in connection with the counterclaim because the defendant's attorney did not object in the trial court. See Rule 1.470(b), RCP. After the instructions to the jury were completed the trial court asked counsel, "Any suggestion in regard to the charges before the jury retires." The answer by the defendant's attorney was, "None, Your Honor." Then as the jury was retiring the following occurred:
"THE COURT: Mr. Setlin, I really believe your counterclaim is in the nature of a defense by showing an unworkmanlike manner and reduction in damages. In going over, in preparing an instruction in the issue, I think we should submit but one verdict to the jury.
"MR. SETLIN: The only objection I would have to that is not the form, but the law which states that if a verdict in favor or (sic) one party, it says the costs must follow that verdict. It is my opinion if a verdict is brought in for around $7,000, that no costs should be assessed against my client because it will have shown that the plaintiff breached his contract and we are required to go back and fulfill that contract. Well, we will go into those matters in supplemental proceedings." (Emphasis added.)
For the reasons mentioned above it is our conclusion that appellant has not demonstrated harmful error. The judgment is affirmed.
Affirmed.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.
WALDEN, Judge (dissenting):
The appellant had an outstanding valid counterclaim  supported by evidence  *77 which had not been disposed of by dismissal, directed verdict or otherwise. Regardless, the court failed to properly charge as to its existence, its significance, and the duty of the jury concerning it. Further, the court failed to provide the jury with a form of verdict which would allow the jury to return damages responsive to the counterclaim. Because of this, the general confusion reflected in the record as to the issues and law of the case, the failure of the court to charge on substantial performance (it being a critical issue in the case), and the amount of the verdict, I am of the opinion that the defendant has been deprived of a fair trial in accordance with law, and this is a fundamental and substantial manner. The departures cannot be ignored or sanctioned as a matter of harmless or invited error.
I would reverse and remand for a new trial.