358 So.2d 614 (1978)
Roland L. ROUSSELLE, Appellant,
v.
B & H CONSTRUCTION CO., INC., Appellee.
No. FF-342.
District Court of Appeal of Florida, First District.
May 17, 1978.
Fred Butler, Jacksonville, for appellant.
Walter R. Stedeford, Jacksonville, for appellee.
McCORD, Chief Judge.
This is an appeal from final judgment impressing a mechanic's lien upon appellant's property. We reverse.
Appellee, who was plaintiff below, brought suit to foreclose a mechanic's lien against appellant alleging that appellee had performed a contract made with appellant but that appellant had not paid $3,952.50 of the $12,425 contract. Appellant filed an answer denying that he owed the balance due and also filed a counterclaim alleging that (1) appellee failed to perform the work in a manner that would "match" appellant's existing building as was agreed upon in the contract and that appellee's performance was so unskillful and defective that appellant would have to expend over $5,334 to correct the defects, and (2) the defects in the work performed constituted breach of contract on the part of appellee for which appellant is entitled to damages. The cause was tried before the judge without a jury.
The written contract entered into between the parties which was prepared by *615 appellee provided that appellee would construct an addition on appellant's existing building in "a manner which will match your present building." The undisputed evidence shows that upon appellee's commencement of work, it was immediately determined that the addition must be reduced in size to remain within appellant's property lines so as not to encroach into adjacent property. In the course of the construction, however, appellee constructed the eaves so that they extended two to three inches over a retaining wall and encroached on the adjacent landowner's property diverting rainwater onto a neighbor's land. Also without consulting appellant, appellee constructed a sloping roof on the addition instead of a flat roof as was on the existing building. Further, appellee installed wooden fascia on the addition rather than steel fascia as was on the existing structure. Appellee used brick in the construction which did not match the brick of the original building, and appellee poured foundation for the brick work in such a manner that the foundation from front to back of the addition varied by several inches. Because of this, the brick work to the bottom of the windows on the westerly side of the building was several inches out of level which resulted in the brick mason having to install varying thicknesses of mortar and parts of brick under each window along the side of the wall. This created an unsightly appearance and requires that appellant later tear out the wall and rebuild it in a workmanlike manner. In addition the stucco installed on the addition cracked while the stucco on the main building was not cracked.
Appellee's chief construction officer admitted that he constructed the addition with a sloped roof without consulting appellant; that the wood fascia did not match the steel fascia on the existing structure, and that he constructed the eaves so that they encroached over defendant's property line. Appellant produced expert witnesses who testified with particularity as to the costs of correcting the defective work and that such costs would be in excess of $5,000.
The trial court made only general findings that the equities were with appellee and against appellant and there was due to appellee the $3,952.50 balance on the contract plus attorneys fees and costs. It also made a general finding that the equities on appellant's counterclaim were with appellee and against appellant and that appellant should take nothing in his counterclaim. An appellate court will not substitute its judgment for that of the trial court on questions of fact if there is competent substantial evidence to support the judgment. Lowery v. Rosenberg, 147 So.2d 321 (Fla. 1 DCA 1962). However, it is apparent from the undisputed evidence contained in the record in this case that the court's judgment is not grounded on competent, substantial evidence. Perhaps the trial judge felt that the doctrine of substantial performance was applicable here. That doctrine is not applicable, however, where a contractor has willfully breached the terms of his contract or has intentionally failed to comply with the specifications. In such case, the owner is entitled to be awarded the cost of making the work conform to the contract and specifications. See 13 Am.Jur.2d, Building and Construction Contracts, § 81 at pp. 83-84.
Reversed and remanded with directions to the trial court to reevaluate the evidence in the light of this opinion and fix appellant's damages on his counterclaim.
BOYER and MILLS, JJ., concur.