508 So.2d 411 (1987)
Eloise LOCKHART, Appellant,
v.
Ronald WORSHAM, D/B/a Worsham Construction Company, Appellee.
No. BL-414.
District Court of Appeal of Florida, First District.
May 6, 1987.
Rehearing Denied June 26, 1987.
*412 John S. Duss, Jacksonville, for appellant.
Patrick A. Carr, Jacksonville, for appellee.
BOOTH, Chief Judge.
This cause is before us on appeal from a final judgment entered in a suit to recover the balance allegedly due on a contract and a counterclaim for damages due to breaches of the agreement. The trial court awarded the contractor $1,500, finding in pertinent part:
The plaintiff [contractor] attempted in good faith to correct items complained of by the defendant [Ms. Lockhart]. The plaintiff [contractor] did not willfully or intentionally breach the terms of the parties' agreement.
There is sufficient evidence to support the trial court's finding that the contractor breached the contract; however, we must reverse the final judgment because the trial court imposed the wrong remedy and awarded only minimal damages ($65.00) to the homeowner based on its finding that the breach was not willful or intentional.
The record reflects that the parties entered into a written contract providing, in part, that the contractor would remodel the kitchen and porch, and install a new insulated built-up roof on the home. The total price for the work was to be $18,525.
The homeowner paid all except $1,500,[1] which she refused to pay because the work was not in compliance with the agreement and was unsatisfactory. Specifically at issue are the kitchen cabinets and the roof. The contract required cabinets to be 24 inches deep to accommodate the dishwasher in the kitchen. The contractor claims the cabinets were 24 inches deep; Ms. Lockhart claimed the cabinets measured 23 and one-half inches deep. Photographic exhibits of record reveal the depth of the cabinets caused the 24-inch-deep dishwasher to protrude, but the court only awarded $15 to cover the cost of cutting a piece out of a drawer to allow it to open despite the protruding dishwasher. The homeowner was entitled to a kitchen counter with the appliances flush as bargained for, and to the drawers functioning without cut-outs caused by the contractor's failure to comply with specifications.
The contract called for an insulated fiveply roof, but the contractor installed a three-ply roof with no insulation board. There was no finding of waiver. The allowance of a credit for insulation board not used does not compensate the homeowner for the incorrect roof which was not as contracted for.
Perhaps the trial court intended to apply the doctrine of substantial performance. However, that doctrine is applicable where a variance from the specifications of the contract is inadvertent or unintentional and unimportant so that the work actually performed is substantially what was called for in the contract. 17A C.J.S. Contracts § 509(b)p (1974). The evidence here does not support application of that doctrine. Therefore, the measure of damages is the reasonable cost of making the work conform to the contract. As stated in Volume 17 Florida Jurisprudence Second Damages Section 29 (1980): "Generally, *413 where the performance of a contract is defective, the measure of damages is the reasonable cost of making the work performed or the article furnished conform to the contract."
Accordingly, we reverse the judgment below and remand to the trial court for redetermination of damages in light of this opinion.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] This amount reflects the balance due after accounting for a $200 credit for the roof insulation admittedly not installed and $205 for exhaust connection. Both credits were agreed to by the contractor.