GREEN, Judge.
This is a consolidated appeal of two final orders of the trial court. National Constructors, Inc. (“National”) appeals the Amended Final Judgment entered on the cross-claim of Todd and Christine Ellenberg for breach of contract as well as the Final Judgment awarding the Ellenbergs $11,075.00 in attorney’s fees. We vacate both judgments for the reasons which follow and remand for further proceedings.
The Ellenbergs’ home was damaged by Hurricane Andrew in August 1992. In October 1992, the Ellenbergs retained National, a general contractor, to repair their home at a preliminary cost of 1136,201.00.[1] This litigation began when K & K Drywall, Inc., a drywall subcontractor of National, sued both National for nonpayment of work performed and the Ellenbergs for the foreclosure of a mechanic’s lien. National filed a cross-claim against the Ellenbergs for breach of contract, unjust enrichment and indemnification. In response, the Ellenbergs filed a counter-cross-elaim against National for breach of contract and indemnification. After a non-jury trial, the trial court found in favor of K & K Drywall on its claims against both Na *793 tional and the Ellenbergs.[2] As to the respective cross-claims for breach of contract, the court found that National had breached its contract with the Ellenbergs by not completing the repairs contracted for, but found that the Ellenbergs were entitled only to $1.00 in nominal damages where they had the unfinished work completed by another contractor at a lower cost. The trial court, however, did additionally find that the Ellenbergs would be unjustly enriched by not paying for the repair work actually completed by National. Accordingly, the court awarded National $7,107.46 on its claim for unjust enrichment against the Ellenbergs.[3] The remaining claims for indemnification were dismissed without prejudice.
As a result of the findings on the respective cross-claims of National and the Ellen-bergs, the trial court declared the Ellenbergs to be the prevailing party for purposes of an award of attorney’s fees pursuant to the terms of the contract between these parties. Accordingly, the trial court awarded the El-lenbergs $11,075.00 in attorney’s fees. This appeal followed.
On this appeal, National essentially asserts first that the lower court erred in its determination that the Ellenbergs were the prevailing parties for purposes of an award of attorney’s fees where National had otherwise substantially completed the contract and obtained a greater “net judgment” on its cross-claim.[4] In Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So.2d 72 (Fla. 4th DCA 1971),the court stated:
Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor’s right to recover whatever damages may have been occasioned him by the promis-ee’s failure to render full performance.
Id. at 75; see also Casa Linda Tile & Marble Installers, Inc. v. Highlands Place 1981, Ltd., 642 So.2d 766, 768 (Fla. 4th DCA 1994) (“A contractor is not entitled to a [mechanic’s] lien in the absence of substantial performance.”); Braverman v. Van Bower, Inc., 583 So.2d 381, 382 (Fla. 3d DCA) (finding a contractor not entitled to recovery on a mechanic’s hen where the contractor did not substantially perform the terms of the contract), review denied, 592 So.2d 683 (Fla.1991). In the context of contracts for construction, the doctrine of substantial performance is applicable only where the contractor has not willfully or materially breached the terms of his contract or has not intentionally failed to comply with the specifications. Lazovitz, Inc. v. Saxon Constr., Inc., 911 *794 F.2d 588, 592 (11th Cir.1990); Lockhart v. Worsham, 508 So.2d 411, 412 (Fla. 1st DCA 1987) (“[The] doctrine [of substantial performance] is applicable where a variance from the specifications of the contract is inadvertent or unintentional and unimportant so that the work actually performed is substantially what was called for in the contract.”) (citing 17A C.J.S. Contracts § 509(b) (1974)); Rousselle v.B & H Constr. Co., 358 So.2d 614, 615 (Fla. 1st DCA 1978) (“[The] doctrine [of substantial performance] is not applicable ... where a contractor has willfully breached the terms of his contract or has intentionally failed to comply with specifications. In such case, the owner is entitled to be awarded the cost of making the work conform to the contract and specifications”) (citing 13 Am. Jur.2d, Building and Construction Contracts § 81 (1964)).
We note and the Ellenbergs candidly concede that the trial court never made a specific finding as to whether National substantially completed the repairs to the Ellenbergs’ home. National asserts that it completed 95% of the job. The Ellenbergs, on the other hand, contend that the repair work left unfinished by National was substantial. The question of whether there has been substantial performance, however, is normally a question of fact for the trier of fact to resolve based on all of the relevant evidence. Ocean Ridge Dev. Corp., 247 So.2d at 75. Obviously then, we cannot make such a determination as a matter of law. We therefore must vacate both judgments under review and remand this cause to the trial court for a specific finding as to whether National substantially performed under the contract and/or whether National’s breach of the contract was material. See Lazovitz, 911 F.2d at 592-93. Since the trial court’s determination of this issue may ultimately affect its decision as to who the prevailing party is for purposes of attorney’s fees and/or the amount of fees to be awarded, we decline to reach National’s remaining issues on appeal at this time.
For all of the foregoing reasons, both judgments under review are vacated and this cause is remanded for proceedings consistent herewith.

. This preliminary cost was based upon National's visual inspection of the damages. As the Ellenbergs' home was insured, the Ellenbergs and National agreed that all insurance proceeds for structural damages would be payable to National. They further agreed that should latent damages caused by the hurricane later be detected, National would have the right to negotiate the insurance settlement with the carrier to cover such latent defects on the Ellenbergs' behalf.

. The court’s finding in this regard is not a subject matter of this appeal.

. The court calculated this damage based upon its finding as follows:
The amount of the insurance paid by State Farm to the Ellenbergs was $147,057.71, which the evidence established to be the value of work to be completed pursuant to the contract. The evidence also showed that the value of the work left unfinished by National equals $6,891.61, leaving a total amount owed for work completed of $140,166.10. The Ellen-bergs paid $127,506.72 to National, leaving a remaining balance in the amount of $12,-659.38. In addition, the Ellenbergs ordered upgrades not covered by the original contract in the amount of $10,702.00, bringing the total owed for work actually completed by National to $23,361.38. However, the Ellenbergs were due credits of $3,539.54, $5,236.49 and $125.00, leaving a balance due to National of $14,460.35. Similarly, National’s own documents evidence that the Ellenbergs were entitled to a five percent discount (Ellenberg’s exhibit AA11). Five (5%) percent of the value of the work which was to be completed pursuant to the contract ($147,057.71) is $7,352.89. Subtracting this discount leaves a balance owed to National of $7,107.46.

. National also requested us to review several factual determinations made by the trial court. Our review of the record, however, reveals that the court's findings on these challenged matters were supported by competent substantial evidence. Consequently, we will not disturb .any such findings on appeal. See, e.g., Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976); Faith Freight Forwarding Corp. v. Panalpina Airfreight, Inc., 636 So.2d 186 (Fla. 3d DCA 1994); Horatio Enters., Inc. v. Rabin, 614 So.2d 555, 556 (Fla. 3d DCA 1993); Patna Publications, Inc. v. Armesto, 593 So.2d 574, 575 (Fla. 3d DCA 1992); Triefler v. Barnett Bank of S. Fla., N.A., 588 So.2d 240 (Fla. 3d DCA 1991); Lee v. Lee, 563 So.2d 754 (Fla. 3d DCA 1990); Malver v. Sheffield Indus., Inc., 502 So.2d 75 (Fla. 3d DCA 1987); S. Kornreich & Sons, Inc. v. Titan Agencies, Inc., 423 So.2d 940 (Fla. 3d DCA 1982).