DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN D. LOPEZ,**
Appellant,

v.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, COPPERLEAF
PROPERTY OWNERS ASSOCIATION, INC.,** and **UNKNOWN SPOUSE
OF BRIAN D. LOPEZ,**
Appellees.

No. 4D14-4504

[March 9, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; George Shahood, Senior Judge; L.T. Case No. 2013-CA-000643

Shirlarian N. Williams, Peter Ticktin, and Kendrick Almaguer of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

W. Aaron Daniel and Elliot B. Kula of Kula & Associates, P.A., Miami, for appellee JPMorgan Chase Bank, N.A.

LEVINE, J.

In this case, we consider whether a notice of default that "substantially complies" with paragraph 22 of a mortgage provides sufficient notice. We find that "substantial compliance" with paragraph 22 satisfies the mortgage's condition precedent in this case.

Paragraph 22 of the mortgage provides in relevant part:

> The notice shall further inform Borrower of the right to . . .
> assert in the foreclosure proceeding the non-existence of a
> default or any other defense of Borrower to acceleration and
> foreclosure.

The notice of default sent to appellant stated that appellant had "the right to bring a court action to assert the nonexistence of default, or any other defense to acceleration, foreclosure, and sale." In the lower court,

appellant moved for involuntary dismissal, arguing the notice of default failed to inform him that he could assert the non-existence of default as a defense to a foreclosure action. Rather, the notice of default informed him he had the "right to *bring a court action* to assert nonexistence of default." (emphasis added). The lower court denied the motion and appellant appealed.

The terms of a mortgage, like the terms of a contract, "are construed in accordance with their plain language." *U.S. Bank Nat'l Ass'n. v. Busquets*, 135 So. 3d 488, 489 (Fla. 2d DCA 2014) (citation omitted). In contract law, when the terms of a contract state a condition precedent to suit, a party must substantially perform with the condition precedent before being able to recover. *See Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. 4th DCA 1995) (citing *Seaside Cmty. Dev. Corp. v. Edwards*, 573 So. 2d 142, 145 (Fla. 1st DCA 1991)). Substantial compliance or performance is "performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee" the benefit of the bargain. *See Ocean Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971). Because "ordinary contract principles" apply to the interpretation of a mortgage and because contract law requires only "substantial compliance" with a condition precedent, a notice of default need only substantially comply with a mortgage's condition precedent. *See Bank of N.Y. Mellon v. Nunez*, 180 So. 3d 160, 162-63 (Fla. 3d DCA 2015); *Green Tree Servicing, LLC v. Milam*, 177 So. 3d 7, 13-14 (Fla. 2d DCA 2015); *Bank of N.Y. Mellon v. Johnson*, 41 Fla. L. Weekly D287 (Fla. 5th DCA Jan. 29, 2016).

In the present case, paragraph 22 of the mortgage required the Bank to inform appellant that he had the right to assert the non-existence of default as a defense to foreclosure. The notice of default sent to appellant stated he had "the right to bring a court action to assert the nonexistence of default, or any other defense to acceleration, foreclosure, and sale." In context, the use of the phrase "any other defense" directly following "nonexistence of default" makes it clear that the nonexistence of default was a defense to foreclosure. Consequently, the letter put appellant on sufficient notice that nonexistence of default was a possible defense to foreclosure.

Furthermore, cases such as *Samaroo v. Wells Fargo Bank*, 137 So. 3d 1127 (Fla. 5th DCA 2014), are distinguishable. In *Samaroo*, the notice of default "in no way" suggested that the defendant would have had a right to reinstate after acceleration. *Id.* at 1129. In this case, in contrast, while the notice of default did not track paragraph 22 word for word, it sufficiently conveyed the fact that appellant could successfully defend

2

against the impending foreclosure if he could show that he was not actually in default.

In summary, because we find the notice of default in this case substantially complied with paragraph 22 of the mortgage, we affirm. We further find the other arguments appellant raises to be without merit and affirm without further comment.

*Affirmed.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**