DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ESTATE OF ROSEMARIE WOLFE,**
through its Personal Representative **ROBERT R. MAASS, ESQ.,**
Appellant,

v.

**224 VIA MARILA, LLC,**
Appellee.

No. 4D21-1312

[May 11, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502020CA005294XXXXMB.

J. Michael Burman and Bernard Lebedeker of Reid Burman Lebedeker, Xenick Peppin, West Palm Beach, and Kara Rockenbach Link of Link & Rockenbach, P.A., West Palm Beach, for appellant.

Roberto M. Vargas, Scott G. Hawkins and Brett T. Lashley of Jones Foster, P.A., West Palm Beach, for appellee.

WARNER, J.

When a seller declared a breach of a real estate contract by the buyer based upon nonperformance, buyer sued for return of its deposit. The court granted summary judgment, concluding that seller had breached first by failing to provide documents referred to in the title commitment, even though those documents had been supplied previously to buyer. Because we conclude that a jury question exists as to whether seller substantially complied with the contract's terms, we reverse.

Seller, Rosemarie Wolfe, entered into a contract with buyer, Charles Willis (who later transferred his contractual right to 224 Via Marila, LLC), for the purchase of Wolfe's Palm Beach home. The contract included an escrow deposit of $370,000. The parties' contract was a Florida Bar approved "'AS IS' Residential Contract for Sale and Purchase." Section 9(c) of the contract states:

TITLE EVIDENCE AND INSURANCE: At least 5 . . . days prior to Closing Date ("Title Evidence Deadline"), a title insurance commitment issued by a Florida licensed title insurer, with legible copies of instruments listed as exceptions attached thereto ("Title Commitment") and, after Closing, an owner's policy of title insurance . . . shall be obtained and delivered to Buyer.

Section 18(A)(ii) provided for "Title Examination" by the buyer, stating:

Buyer shall have 5 days after receipt of Title Commitment to examine it and notify Seller in writing specifying defect(s), if any, that render title unmarketable. If Seller provides Title Commitment and it is delivered to Buyer less than 5 days prior to Closing Date, Buyer may extend Closing for up to 5 days after date of receipt to examine same[.]

Other portions of paragraph 18 dealt with electronic delivery as being acceptable to comply with the contract provisions.

Shortly after the contract was signed, seller provided a title commitment to buyer with the copies of documents listed as exceptions (such as plats) furnished electronically to the buyer by email. The email contained links to the actual documents in the public records. Buyer did not give notice within five days of any objection to the documents or the title commitment.

Three weeks later, at seller's request, the parties executed an addendum to the contract, extending the closing date for a year to March 31, 2020. The addendum did not change any other terms of the contract.

In the meantime, the title commitment, which was valid for only six months, expired. Also, in March 2020, Mrs. Wolfe passed away. Her estate became the seller of the property.

About two weeks prior to the extended closing, buyer's counsel called seller's counsel and stated that buyer did not want to close due to changes in the stock market from the pandemic. Two days later, seller's counsel provided an "updated title commitment" with a letter, stating that "[w]e furnished you copies of the exceptions last March." The letter accompanying the title commitment further stated that seller stood ready and willing to close on the March 31 contract date. Counsel closed by stating, "I trust you will find the commitment in order, but if you have any questions or comments, please let me know."

2

The next day, buyer sent a letter attempting to invoke the *force majeure* clause, contending that the novel coronavirus qualified under those provisions. Buyer notified seller that it intended to invoke the clause and cancel the contract. The letter did not mention the title commitment.

Four days before closing, and more than five days after the delivery of the updated title commitment, buyer sent a letter with title objections due to the failure of seller to provide the recorded documents supporting the exceptions contained in the title commitment. Buyer also objected to the legal description, without stating what was wrong with the description.

Seller's counsel responded to buyer's counsel the day before closing, stating that the second commitment was identical to the original title commitment furnished a year earlier and bore the same number. The exceptions had not changed and had been included in the hyperlinked email sent a year earlier.

On the day of closing, buyer's counsel wrote that no title commitment had been provided a year earlier, and it was up to seller to figure out what was wrong with the legal description. The same day, seller's counsel sent an email attaching the original correspondence from the year before with the original title commitment and documents containing the exceptions. Counsel sent a second email with copies of the documents supporting the exceptions in the title commitment. After 5 p.m. on the date of closing, when buyer failed to close, seller's counsel sent a notice of default. Seller elected to recover the escrow deposit as liquidated damages.

Buyer filed a declaratory judgment action to seek a determination that it was not liable to seller and was entitled to a refund of the deposit. Buyer asserted that seller had breached the contract by not providing legible copies of title exceptions in the commitment by the date provided in the contract and by anticipatorily repudiating the contract by claiming that the buyer defaulted on the closing date when seller had not performed prior to declaring the default.

Seller filed an answer, affirmative defenses, and a counterclaim for breach of the real estate contract by the buyer's failure to close entitling seller to retain the deposit. Seller alleged "[a]ll conditions performance to this action have occurred or been waived." Seller also denied that it had breached the contract. In buyer's answer and affirmative defenses to seller's counterclaim, buyer raised the failure to provide the title exception instruments as an unperformed condition precedent to plaintiff's counterclaim.

3

Buyer moved for summary judgment on its complaint for declaratory judgment on the limited issue of whether seller breached the contract by failing to timely provide a title commitment and associated documents, thereby discharging buyer from performance and liability for the liquidated damages. Buyer argued that the failure to deliver the title commitment and attached documents was an unperformed condition precedent to buyer's obligation to object to the title commitment and thus to close. Buyer did not move for summary judgment based on *force majeure*.

Seller responded that there were disputed issues of material fact regarding whether seller provided appropriate title evidence and whether seller failed to deliver marketable title. Seller filed multiple documents, affidavits, and depositions. Those attachments included an affidavit from seller's counsel's paralegal stating that she had emailed the original title commitment and schedule of exceptions to buyer's counsel's paralegal a year earlier. A Microsoft Word file contained the title exceptions with embedded hyperlinks which would take the reader to the proper document in the public records. Buyer's paralegal never emailed seller's paralegal to complain that she could not open the hyperlinks. Furthermore, those same hyperlinks worked at a deposition of buyer's counsel's paralegal taken after buyer filed suit.

Seller's counsel pointed out that buyer made no objection in the five days after seller's letter with the second title commitment. Not until March 27, 2020, nine days after the delivery of the commitment did buyer send a letter with objections and for the first time state that none of the exception documents had been provided. Seller's counsel maintained that not only had the seller complied with all the contract provisions, but also there was no material breach. The documents had been provided and the exceptions did not constitute defects affecting marketability of the property.

The trial court granted summary judgment, concluding that the addendum to the contract amounted to a "re-set" of all contractual obligations. Thus, seller did not comply with a condition precedent because legible copies of instruments listed as exceptions were not attached to the title commitment delivered prior to the 2020 closing date. The court concluded that seller committed three breaches: 1) failing to "attach" to the second commitment "legible copies of instruments listed as exceptions," as required by paragraphs 9(c) and 18A(i), with seller's letter on March 18, 2020, thereby failing to perform a condition precedent; 2) failing to provide the exception documents required to accompany the second commitment at least five days prior to closing per paragraph 9(c) of the contract, and instead providing them on the day of closing; and 3) insisting upon closing on March 31, 2020, thereby depriving buyer of its

4

right to "Title Examination" and option to "extend Closing for up to 5 days after date of receipt to examine same," when the title commitment was delivered to buyer less than five days prior to closing date as required pursuant to paragraph 18(A)(ii).

The court entered final judgment in favor of buyer and ordered the return of the deposit. Seller's counterclaim was dismissed with prejudice. Seller appeals the judgment.

Review of an order granting summary judgment is de novo. *Fla. Inv. Grp. 100, LLC v. Lafont*, 271 So. 3d 1, 4 (Fla. 4th DCA 2019). A trial court's interpretation of a contract is also reviewed de novo. *Id.* (citing *Berkowitz v. Delaire Country Club, Inc.*, 126 So. 3d 1215, 1218 (Fla. 4th DCA 2012)). "Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).[1]

Seller contends that it substantially complied with the terms and conditions of the contract by delivering an updated commitment more than two weeks before closing and pointing buyer to the previously provided copies of documents supporting the title exceptions delivered with the first title commitment. Buyer responds that the condition precedent required a title commitment to be accompanied by the exception documents, which admittedly were not "attached" to the updated title commitment.

Substantial performance is "that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971) (citing 3A CORBIN ON CONTRACTS § 702 et sequi). "[T]here must be at least a substantial performance of conditions precedent in order to authorize a recovery as for performance of a contract." *Dauer v. Gen. Health Servs., Inc.*, 317 So. 2d 456, 457 (Fla. 3d DCA 1975) (citing *Cohen v. Rothman*, 127 So. 2d 143 (Fla. 3d DCA 1961)). Whether a party substantially complies with or performs a contract condition is an issue of fact to be determined by the fact finder. *See Huertas v. Avatar Prop. & Cas. Ins. Co.*, 333 So. 3d 767, 773 (Fla. 4th DCA

---

[1] The new rule on summary judgment does not apply here where the motion and hearing were held prior to the effective date of the rule amendment, May 31, 2021. *See Wilsonart, LLC v. Lopez*, 308 So. 3d 961 (Fla. 2020).

2022) ("[T]he issue of whether the submitted document 'substantially complie[s] with policy obligations is a question of fact' which precludes the entry of summary judgment." (quoting *Himmel v. Avatar Prop. & Cas. Ins. Co.*, 257 So. 3d 488, 493 (Fla. 4th DCA 2018))); *Kuhnsman v. Wells Fargo Bank, N.A.*, 311 So. 3d 980, 984 (Fla. 2d DCA 2020) (same); *Nat'l Constructors, Inc. v. Ellenberg*, 681 So. 2d 791, 794 (Fla. 3d DCA 1996) (same).

Seller contends that it provided buyer with the necessary exception documents with the original title commitment and simply notified buyer that it was already in possession of the hyperlinks which would display those documents. As the contract allowed for the electronic transmission of documents, seller contends that it complied with the terms of the condition precedent to closing. Although buyer contends that exact compliance was required, meaning that seller had to attach to the updated title commitment the identical exception instruments contained in the email hyperlinks from 2019, it is for the trier of fact to determine whether seller's performance was "so nearly equivalent to what was bargained for" that it would be unreasonable to declare seller in breach. *Ocean Ridge Dev. Corp.*, 247 So. 2d at 75.

*Lopez v. JPMorgan Chase Bank*, 187 So. 3d 343 (Fla. 4th DCA 2016), is analogous. In *Lopez,* a mortgage foreclosure case, the borrower defended on the grounds that the lender issued a defective notice pursuant to paragraph 22 of the mortgage. Reversing a summary judgment, we found that while the notice "did not track paragraph 22 word for word, it sufficiently conveyed the fact that appellant could successfully defend against the impending foreclosure if he could show that he was not actually in default." *Id.* at 345. We reiterated that substantial performance of a contract is, "'while not full performance, . . . so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee' the benefit of the bargain." *Id.* (quoting *Ocean Dev. Corp.*, 247 So. 2d at 75).

Cases involving insurance coverage also demonstrate that a jury question is presented as to whether seller complied with the condition precedent. For instance, in *Haiman v. Federal Insurance Co.*, 798 So. 2d 811 (Fla. 4th DCA 2001), an insurer demanded an examination under oath from its insured and production of documents after the insured suffered a covered loss. While the insured produced volumes of documents, the insurer claimed that certain documents were not produced prior to the insured filing suit, even though the insured claimed they were. Commenting on the failure to perform a condition precedent to filing suit, we held that where the insured complied to some extent with the condition

precedent to suit, it was a question for the jury as to whether the insured materially breached the policy provisions. We quoted from *Diamonds & Denims, Inc. v. First of Georgia Insurance Co.*, 417 S.E.2d 440, 441–42 (Ga. 1992):

> A total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law. If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury.

*Id.* at 812; *see also Solano v. State Farm Fla. Ins. Co.*, 155 So. 3d 367 (Fla. 4th DCA 2014). Applying these principles to this case, it is apparent that a disputed issue of material fact remains, as seller argues that it complied with the contract by providing an updated title commitment with information that it had already supplied the exception documents. It is up to the trier of fact to determine whether the seller substantially performed the condition precedent.

Buyer maintains that once the closing date was modified, seller had a renewed obligation to deliver the exception instruments attached to the second commitment at least five days before the new closing date. Thus, buyer concludes that it was "undisputed that Seller did not perform this condition at all, much less substantially perform it." Again, whether providing the commitment and notifying buyer that the documents had already been delivered by hyperlink constitutes substantial performance is a question of fact. Surely, were the title commitment exception documents delivered in paper, one would hardly expect that completely new paper copies would be required to be delivered with an updated commitment in order to comply with the provisions of the contract so long as buyer had received the full complement of documents with the original commitment. Such a construction would encourage waste and inefficiency.

Because a question of fact remains as to whether seller substantially complied with the condition precedent when the updated title commitment was provided, the court erred in granting summary judgment on this ground. If seller had substantially complied, then buyer did not make objections to the title exceptions within five days as required by the contract. Thus, a trier of fact could determine that buyer had no right to postpone closing on that ground, giving seller the right to declare a default.

Finally, the trial court rejected seller's defense that, in any event, buyer anticipatorily breached the contract by informing seller that it did not intend to close by declaring the coronavirus a *force majeure.* "[An] anticipatory breach of a contract by one party may excuse the other party from performing a condition precedent to that contract." *Allegro at Boynton Beach, L.L.C. v. Pearson,* 287 So. 3d 592, 600 (Fla. 4th DCA 2019) (quoting *Alvarez v. Rendon,* 953 So. 2d 702, 709 (Fla. 5th DCA 2007) (alteration omitted). The trial court concluded in this case that buyer's declaration of *force majeure* was simply a "feeler" to determine whether seller would agree. This was a factual determination for the trier of fact, and, like the determination of whether the seller substantially complied with the contract, it was not appropriate for summary judgment, as disputed issues of fact remain.

For the foregoing reasons, we reverse the final summary judgment and remand for further proceedings.

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***