DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**KIMBERLY CORTEZ** and **CARLOS CORTEZ,**
Appellees.

No. 4D2023-0676

[August 21, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE18-005984.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellant.

Ronald J. Isriel of Isriel Ponzoli, P.A., Miami, for appellees.

PER CURIAM.

Universal Property & Casualty Insurance Company appeals the Amended Final Judgment for appellees Kimberly Cortez and Carlos Cortez. Universal argues the circuit court erred when it denied Universal's motion for summary judgment based on the Cortezes' lack of standing. We agree and reverse.

The Cortezes held an all-risk insurance policy with Universal for real property. They filed a claim with Universal after the property suffered a loss due to vandalism. One year later, the Cortezes executed a warranty deed in lieu of foreclosure. The deed between them and Fannie Mae provided, in part:

> In consideration of the execution and delivery of this Deed by Grantors, Grantee hereby covenants that it is releasing the promissory note and shall not sue Grantors for any deficiency under the Note or the Mortgage.

> This Deed, and the conveyance being made hereby, is being executed, delivered and accepted in lieu of foreclosure of the lien of the Mortgage, and shall be interpreted and construed the same as a foreclosure of the lien of the Mortgage and as an absolute conveyance to Grantee of all of the right, title, interest and estate of Grantors in and to the Property, including specifically, but without limitation, any equity or rights of redemption of Grantors in and to the Property, or any portion thereof or interest therein.

On the same day that the Cortezes executed the deed in lieu of foreclosure, they executed an Estoppel and Solvency Affidavit that provided, in part: "The borrower agrees that Fannie Mae keeps any hazard claim proceeds or interest accrued on those proceeds as part of the DIL transaction."

The Cortezes subsequently filed suit against Universal for breach of contract and declaratory relief, alleging that over ninety days had elapsed since the vandalism claim was reported. Universal filed a motion for summary judgment arguing the Cortezes lacked standing due to having executed the deed in lieu of foreclosure. The circuit court disagreed with Universal and entered judgment for the Cortezes.

Generally, in Florida, "a party's insurable interest relates to its actual economic interest in the subject property at the time of the loss." *Conyers v. Balboa Ins.,* 935 F. Supp. 2d 1312, 1316 (M.D. Fla. 2013). But courts have held that "[s]ubsequent foreclosure proceedings do not extinguish such an interest unless the underlying debt was discharged in full." *Id.* (citation omitted).

Universal argues that, like a foreclosure that extinguishes the debt, an insurable interest is extinguished with a deed in lieu of foreclosure that extinguishes the debt. We agree. Particularly where the deed in lieu of foreclosure states that "[t]his Deed . . . is being executed, delivered and accepted in lieu of foreclosure of the lien of the Mortgage, and shall be interpreted and construed the same as a foreclosure of the lien of the Mortgage . . . ." We interpret the terms in the deed in lieu of foreclosure pursuant to the terms' plain language, *see Lopez v. JPMorgan Chase Bank,* 187 So. 3d 343, 345 (Fla. 4th DCA 2016), and apply the deed in lieu as we would a mortgage.

We conclude the deed in lieu agreement fully discharged the Cortezes' debt. As a result, they lacked standing to recover the insurance benefits, and the circuit court's judgment is reversed.

*Reversed and remanded.*

KLINGENSMITH, C.J., WARNER and KUNTZ, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***