DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF POMPANO BEACH, FLORIDA,**
Appellant,

v.

**NANCY C. BEATTY,** As Trustee of the **NANCY C. BEATTY REVOCABLE LIVING TRUST,** Dated October 26, 1990, and As Successor Co-Trustee of the **WILLIAM K. BEATTY REVOCABLE LIVING TRUST,** Dated October 26, 1990, and **WILLIAM K. BEATTY, JR.,** As Successor Co-Trustee of the **WILLIAM K. BEATTY REVOCABLE LIVING TRUST,**
Dated October 26, 1990,
Appellees.

Nos. 4D16-2621 and 4D16-3699

[July 12, 2017]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 09-020579 CACE (08).

Scott C. Cochran and W. Tucker Craig of Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Fort Lauderdale, for appellant.

Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellees.

HANZMAN, MICHAEL A., Associate Judge.

## I. **INTRODUCTION**

On May 1, 1974, Appellee, Nancy C. Beatty (and her husband William K. Beatty), as lessors, and Daniel L. Garnsey, as lessee, entered into a ninety-nine-year lease encumbering real property located in Broward County. In October 1989, Appellant, the City of Pompano Beach, assumed the lessee's interest. The lease required specified rental payments for years one through five, with increases after the fifth year based on the cost of living index commencing "on the first (1st) day of the 61st month of the basic term of this Lease, and on every 37th month thereafter." The contract also provided that:

Rental payments shall be subject to reappraisal every twenty (20) years by independent MAI of land and improvements at the option of the Lessors and at their expense to show return of 12% of land value, and 6% of improvements but in no event less than rental payment for the *19th year, 39th year, and 59th year, etc.*

(Emphasis added).

Appellees first sought to exercise this reappraisal option in 2006 – the thirty-third (33) year of the lease term. Based upon this reappraisal, Appellees then demanded increased rent. When Appellant failed to accede to this demand, Appellee filed suit for breach of contract. Appellant, as an affirmative defense, predictably insisted that the property was subject to reappraisal only in years twenty, forty, sixty, and eighty and, as a result, it was not in breach for failing to pay increased rent based upon a reappraisal that was done in year thirty-three.

Appellant eventually moved for summary judgment based upon what it maintained was the clear and unambiguous language of section 2.2(e) of the lease. Appellees cross-motioned on the identical issue, arguing they were entitled to a rent increase because a first reappraisal was permitted at any time so long as twenty years had elapsed from the date the lease was executed (1974), and successive reappraisals were permitted so long as twenty years had elapsed since the most recent reappraisal.

The trial court granted the Appellees' motion, agreeing with their interpretation of the contract. We do not, and conclude that § 2.2(e) of the lease clearly and unambiguously granted the lessor a right to reappraise the property at specified dates, and *only* those dates. We therefore reverse.

## II.   ANALYSIS

As this court has said before, "contracts are voluntary undertakings, and contracting parties are free to bargain for—and specify—the terms and conditions of their agreement." *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. 4th DCA 2014). That freedom is indeed a constitutionally protected right. *Nw. Nat'l Life Ins. Co. v. Riggs,* 203 U.S. 243, 252–53 (1906); *Hoffman v. Boyd*, 698 So. 2d 346, 348 (Fla. 4th DCA 1997). And when parties choose to agree upon certain terms and conditions of their contract, it is not the province of the court to second-guess their wisdom or "substitute [its] judgment for that of the parties in order to relieve one from an alleged hardship of an improvident bargain." *Int'l Expositions, Inc. v. City of Miami Beach*, 274 So. 2d 29, 30-31 (Fla. 3d

DCA 1973). Rather, the court's task is to apply the parties' contract as written, not "rewrite" it under the guise of judicial construction. *Gulliver Schs., Inc. v. Snay*, 137 So. 3d 1045, 1047 (Fla. 3d DCA 2014) ("Where contracts are clear and unambiguous, they should be construed as written, and the court can give them no other meaning.") (quoting *Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A.*, 771 So. 2d 628, 631 (Fla. 4th DCA 2000)); *Pol v. Pol*, 705 So. 2d 51, 53 (Fla. 3d DCA 1997) ("[A] court cannot rewrite the clear and unambiguous terms of a voluntary contract.").

The contract here could not be clearer. First, it says that the property is subject to reappraisal "every twenty years," not any time the lessor desires "so long as" twenty years has passed since inception or a prior appraisal. And if that were not enough, it specifies that a reappraisal may not result in a rental obligation "less than [the] rental payment for the 19th year, 39th year, 59th year, etc." – not less than the rental payment for the year "prior to reappraisal," whatever year that may be. Thus, reading this provision as a whole we have no difficulty concluding that it clearly and unambiguously permits reappraisal only at years twenty, forty, sixty, and eighty.[1]

Although the clarity of the provision in dispute ends the analysis, we also point out that Appellees' tortured "interpretation" amounts to a re-write of the lease on terms significantly more favorable to the lessor only. At the time this contract was entered into, neither party knew – or had any way to predict – what the condition of the real estate market would be at the time reappraisal was authorized (i.e., years twenty, forty, sixty, and eighty). So a reappraisal might benefit the lessor and it might not. The parties would simply have to accept the "market" as they found it. But under Appellees' "interpretation" they could sit back and exercise the

---

[1] Nor is the provision ambiguous simply because the litigants ascribe different meanings to the language employed – something that occurs every time the interpretation of a contract is litigated. Incorrect and even absurd interpretations of unambiguous contracts are often advanced in these types of disputes. But a true ambiguity exists only when the language at issue "is reasonably susceptible to more than one interpretation." *Lambert v. Berkley S. Condo. Ass'n*, 680 So. 2d 588, 590 (Fla. 4th DCA 1996); *Campaniello v. Amici P'ship*, 832 So. 2d 870, 872 (Fla. 4th DCA 2002) ("[W]hen the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented . . . ."); *Am. Med. Int'l, Inc. v. Scheller*, 462 So. 2d 1, 7 (Fla. 4th DCA 1984) ("[F]anciful, inconsistent, and absurd interpretations of plain language are always possible. It is the duty of the trial court to prevent such interpretations.").

.

reappraisal option whenever the market would benefit them the most, so long as twenty years had elapsed since the execution of the lease. So if the market was weak in year twenty (or forty, sixty, or eighty), Appellees could just accept the cost of living increases, wait for the market to rise, and then – at the most opportune time – elect to reappraise. Of course if the market was strong in years twenty, forty, sixty, and eighty, the lessee would have no corresponding right to delay reappraisal.

The bottom line is that Appellees' interpretation gives it something the contract does not – an "option" to reappraise when – in its view – to do so would be most advantageous. We will not sanction such a one way judicial re-write.

The trial court's final judgment in favor of Appellees is reversed with directions to enter final judgment in favor of Appellant. Given our reversal of the final judgment, we likewise reverse the final judgment awarding Appellees' attorney's fees and costs. *See City of Hollywood v. Witt*, 939 So. 2d 315, 319 (Fla. 4th DCA 2006) ("[W]here an award of attorney's fees is dependent upon the judgment obtained, the reversal of the underlying judgment necessitates the reversal of the fee award").

*Reversed and remanded.*

DAMOORGIAN and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***