DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA INVESTMENT GROUP 100, LLC,** a Florida limited liability company,
Appellant,

v.

**ANNALISA LAFONT,** an individual,
Appellee.

No. 4D18-2075

[ April 24, 2019 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE-17-017130.

Mitchell W. Berger, P. Benjamin Zuckerman and Zachary P. Hyman of Berger Singerman, LLP, Fort Lauderdale, for appellant.

Marc Edward Rosenthal, Paul David Edwards, Casey Ryan Cummings and Joseph Thomas Dunn of Rosenberg Cummings & Edwards PLLC, Fort Lauderdale, for appellee.

TAYLOR, J.

Florida Investment Group 100, LLC, the seller under a residential real estate contract, appeals a final summary judgment entered in favor of the buyer, Annalisa Lafont, in her action for breach of contract. The issue presented in this appeal is whether the buyer, who never obtained "Loan Approval" as defined in the contract, was excused from performance of the contract where the appraisal of the property was insufficient under a proposed loan transaction that did not meet the financing terms required for Loan Approval. We conclude that the insufficient appraisal of the property did not excuse the buyer from closing where the buyer never obtained Loan Approval as defined in the contract. We therefore reverse.

### Background

This case arises out of the buyer's efforts to recover her deposit on a residential real estate transaction that failed to close after the appraised

value of the property was insufficient to allow the buyer to borrow funds under an approved loan with different financing terms than those called for in the contract.

### *The Contract*

On May 3, 2017, the seller and the buyer entered into an "AS IS" Residential Contract for the Sale and Purchase of certain real property in Fort Lauderdale at a purchase price of $620,000. The buyer made a deposit of $62,000. The contract set the closing date for June 15, 2017.

The contract was subject to a financing contingency. Specifically, the contract was contingent upon the buyer obtaining approval of a conventional loan, within a "Loan Approval Period" of 30 days after the contract's effective date, in the amount of $465,000 at a fixed interest rate for a term of 30 years. The contract required the buyer to use good faith and diligent effort to obtain "Loan Approval," which was defined as "approval of a loan meeting the Financing terms."

If the buyer obtained Loan Approval, Paragraph 8(b)(iii) of the contract required the buyer to "promptly deliver written notice" of such approval to the seller.

If the buyer was unable to obtain Loan Approval, Paragraph 8(b)(iv) of the contract permitted the buyer, at any time prior to the expiration of the Loan Approval Period (i.e., by June 2, 2017), to notify the seller in writing and elect to either waive Loan Approval or terminate the contract.

Under Paragraph 8(b)(v) of the contract, if the buyer failed "to timely deliver either notice provided in Paragraph 8(b)(iii) or (iv) above" to the seller prior to the expiration of the Loan Approval Period, then "Loan Approval shall be deemed waived, in which event this Contract will continue as if Loan Approval had been obtained[.]"

Once Loan Approval had been obtained or was deemed to have been obtained, the buyer's failure to close would result in the deposit being paid to the seller unless the failure to close was due to any of the three reasons described in Paragraph 8(b)(vii).

Specifically, Paragraph 8(b)(vii) provides the following guidance regarding which party is entitled to the deposit if the buyer fails to close:

> (vii) ***If Loan Approval has been obtained, or deemed to have been obtained***, as provided above, and Buyer fails to

2

close this Contract, then the Deposit shall be paid to Seller unless failure to close is due to: (1) Seller's default or inability to satisfy other contingencies of this Contract; (2) Property related conditions of the Loan Approval have not been met (except when such conditions are waived by other provisions of this Contract); or (3) ***appraisal of the Property obtained by Buyer's lender is insufficient to meet terms of the Loan Approval***, in which event(s) the Buyer shall be refunded the Deposit, thereby releasing Buyer and Seller from all further obligations under this Contract.

(Emphasis added).

### *The Loan Application, the Appraisal, and the Failure to Close*

On May 8, 2017, the buyer sent a copy of her mortgage loan application to a commercial lender.

The lender conditionally approved the buyer for a 12-month interest-only adjustable rate loan in the amount of $495,000. The lender used a computer program to set the interest rate terms of the loan. A condition of the approval was that the loan-to-cost ratio could not exceed 80 percent.

The buyer never obtained Loan Approval as defined in the contract—that is, approval for a 30-year fixed-rate loan. The buyer also did not provide written notice to the seller, prior to the expiration of the Loan Approval Period on June 2, 2017, that she was unable to obtain Loan Approval.

On June 5, 2017, after the expiration of the Loan Approval Period, an appraiser hired by the lender determined that the property's market value was $485,000, which was $135,000 less than the purchase price.

On June 12, 2017, the lender sent a letter to the buyer, informing her that because the appraisal of the property came in substantially below the purchase price, the lender was unable to fund a mortgage for the purchase of the property, despite the buyer's loan application being otherwise approved.

On June 13, 2017, the buyer's real estate agent sent the seller a proposed Release and Cancellation of Contract, seeking to cancel the contract and to instruct the escrow agent to disburse the deposit to the buyer.

On June 15, 2017, the buyer failed to close. The next day, the seller's counsel sent a letter to the escrow agent, asserting that the seller was entitled to the deposit.

### *The Lawsuit*

The buyer filed a complaint against the seller for breach of contract. Although the buyer acknowledged that "Loan Approval was deemed waived" because she did not provide written notice to the seller under Paragraph 8(b)(iv) of the contract, the buyer nonetheless alleged that the appraisal of the property obtained by her lender was "insufficient to meet the terms of the Loan Approval." Thus, the buyer alleged that she was "entitled to be refunded her $62,000 escrow deposit and released from any further obligations under the Contract pursuant to Paragraph 8(b)(vii)."

The seller filed an answer and affirmative defenses. The seller denied the buyer's allegation that "the appraisal of the Property obtained by Plaintiff's lender was insufficient to meet the terms of the Loan Approval." The seller's first affirmative defense was that the buyer failed to state a valid claim for the return of her deposit because "there was no Loan Approval containing any specified appraisal amount."

The buyer moved for summary judgment, arguing in relevant part that: (1) because she failed to timely deliver notice to the seller concerning the status of Loan Approval, the contract proceeded as if Loan Approval had been obtained; and (2) she was entitled to a refund of her deposit under Paragraph 8(b)(vii) because "the appraisal of the property obtained by [her] lender was insufficient to meet the terms of the Loan Approval."

The seller filed a response in opposition to the buyer's motion for summary judgment but did not file its own motion for summary judgment.

The trial court entered summary judgment in favor of the buyer. The trial court ruled that "because [the buyer] failed to timely deliver either notice contemplated by Paragraph 8(b)(iii) or (iv) of the Contract prior to the expiration of the Loan Approval Period, the Loan Approval was deemed waived and the Contract continued as if Loan Approval had been obtained . . . ." The trial court further ruled that "because the appraisal obtained by the [buyer's] lender was insufficient to meet the terms of the Loan Approval, the parties were released from all further obligations under the Contract and [the buyer] [was] entitled to the Escrow Deposit pursuant [to] Paragraph 8(b)(vii)(3) of the Contract." This appeal ensued.

### Standard of Review

A summary judgment is reviewed de novo. *Haber v. Deutsche Bank Nat'l Tr. Co.*, 81 So. 3d 565, 566 (Fla. 4th DCA 2012). A trial court's interpretation of a contract is also reviewed de novo. *Berkowitz v. Delaire Country Club, Inc.*, 126 So. 3d 1215, 1218 (Fla. 4th DCA 2012).

### Analysis

On appeal, the seller argues that because Loan Approval was never obtained and the buyer did not timely notify the seller that she did not obtain Loan Approval, she waived Loan Approval and was required to close on the purchase of the property without the financing contingency. The seller further argues that because the buyer's proposed loan transaction did not contain the terms required for Loan Approval under the contract, paragraph 8(b)(vii)(3) did not excuse the buyer from performing. Asserting that Loan Approval is a prerequisite for Paragraph 8(b)(vii)(3) to excuse performance based on an insufficient appraisal, the seller maintains that the appraisal obtained for the buyer's proposed loan transaction is irrelevant. We agree with the seller's interpretation of the contract.

"In construing a contract, the legal effect of its provisions should be determined from the words of the entire contract." *Sugar Cane Growers Co-op. of Fla., Inc. v. Pinnock,* 735 So. 2d 530, 535 (Fla. 4th DCA 1999). "[T]he actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls." *Summitbridge Credit Invs. III, LLC v. Carlyle Beach, LLC*, 218 So. 3d 486, 488 (Fla. 4th DCA 2017) (citation and internal quotation mark omitted). "[T]he court's task is to apply the parties' contract as written, not 'rewrite' it under the guise of judicial construction." *City of Pompano Beach v. Beatty*, 222 So. 3d 598, 600 (Fla. 4th DCA 2017).

A key principle of contract interpretation is that "courts must not read a single term or group of words in isolation." *Am. K-9 Detection Servs., Inc. v. Cicero*, 100 So. 3d 236, 238 (Fla. 5th DCA 2012). "An interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect." *Herian v. Se. Bank, N.A.*, 564 So. 2d 213, 214 (Fla. 4th DCA 1990). "[N]o word or part of an agreement is to be treated as a redundancy or surplusage if any meaning, reasonable and consistent with other parts, can be given to it . . . ." *Royal Am. Realty, Inc. v. Bank of Palm Beach & Tr. Co.*, 215 So. 2d 336, 338 (Fla. 4th DCA 1968).

Courts will generally strive to interpret a contract based on the definitions contained within the contract. *Grant v. State Farm Fire & Cas. Co.*, 638 So. 2d 936, 937 (Fla. 1994). "Where the parties to a contract take pains to define a key term specially, their dealings under the contract are governed by that definition." *In re Blinds to go Share Purchase Litig.*, 443 F.3d 1, 7 (1st Cir. 2006).

In this case, it is undisputed that the buyer was deemed to have waived Loan Approval under Paragraph 8(b)(v), and that the contract continued as if Loan Approval had been obtained. Thus, the issue boils down to whether Paragraph 8(b)(vii)(3) excused the buyer from closing.

Under Paragraph 8(b)(vii)(3), if Loan Approval is "deemed to have been obtained" and the buyer fails to close, then the deposit must be paid to the seller unless "appraisal of the Property obtained by Buyer's lender is insufficient to meet terms of the Loan Approval[.]"

Because Loan Approval is a defined term in the contract, its contractual definition controls. Thus, applying the contractual definition of Loan Approval, we conclude that Paragraph 8(b)(vii)(3) applies only if "appraisal of the Property obtained by Buyer's lender is insufficient to meet terms of [approval of a loan meeting the Financing terms]."

Here, Paragraph 8(b)(vii)(3) does not excuse the buyer's performance, because there was never an appraisal of the property obtained by the buyer's lender that was insufficient to meet the terms of *approval of a loan meeting the financing terms of the contract*. Without an actual Loan Approval as defined in the contract, there could be no appraisal of the property that was "insufficient to meet the terms of the Loan Approval."

It is of no import that the appraisal of the property was insufficient to meet the terms of a different loan for which the buyer was approved, because that loan did not meet the financing terms of the contract and thus did not constitute Loan Approval.

The buyer argues, however, that the seller's interpretation of Paragraph 8(b)(vii) "fails to give due effect to, negates, and leaves inexplicable" the "deemed to have been obtained" language in Paragraph 8(b)(vii). We disagree.

The seller's interpretation of Paragraph 8(b)(vii) does not render the "deemed to have been obtained" language meaningless. The "deemed to have been obtained" language makes it clear that if Loan Approval is "deemed to have been obtained" and the buyer fails to close the contract,

the general rule is that the deposit is paid to the seller. The "deemed to have been obtained" language is also relevant to the exception in subpart (1) because, when Loan Approval is "deemed to have been obtained," the buyer's failure to close will be excused if the failure to close was due to "Seller's default or inability to satisfy other contingencies of this Contract."

Contrary to the buyer's argument, the excuse in Paragraph 8(b)(vii)(3) cannot apply to a situation where a Loan Approval is "deemed to have been obtained." A Loan Approval that is "deemed to have been obtained" is merely a legal fiction. A "deemed" Loan Approval does not have any terms for this court to analyze. In this case, there was never a Loan Approval as defined in the contract that would allow this court to look at the "terms of the Loan Approval" to decide whether an appraisal of the property was insufficient to meet its terms.

In sum, under the plain language of the contract, Paragraph 8(b)(vii)(3) does not excuse the buyer's performance, because there was never an appraisal of the property obtained by the buyer's lender that was insufficient to meet the terms of Loan Approval as defined in the contract.

We reverse the summary judgment and remand for further proceedings consistent with this opinion.[1]

*Reversed and Remanded.*

CIKLIN and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Because the seller never moved for summary judgment in the trial court, we decline the seller's request that we remand this case to the trial court with instructions that summary judgment be entered in the seller's favor. *See Univ. of Miami v. Sosa*, 629 So. 2d 172, 174 (Fla. 3d DCA 1993) ("Although not unauthorized, it is not generally accepted practice to enter summary judgment in favor of a nonmoving party.").