DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HALLY FINELL,**
Appellant,

v.

**FLORIDA INSURANCE GUARANTY ASSOCIATION, INC.,**
Appellee.

No. 4D2022-0378

[April 10, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 502017CA006891.

Percy Martinez, Coral Gables, for appellant.

Hinda Klein of Conroy Simberg, Hollywood, for appellee.

LEVINE, J.

The insured appeals a final judgment in favor of the insurer, finding that the insured breached the homeowner's insurance policy by allegedly failing to submit to an examination under oath. The insured appeared for the examination but came with a videographer and court reporter. The insurer had its own videographer and court reporter, whom the insured objected to as being unreliable. The examination did not proceed. In granting summary judgment, the trial court found that the insured breached the policy by failing to submit to an examination under oath. We find that the trial court erred in entering summary judgment because an issue of fact remains regarding whether the insured cooperated to some degree or provided an explanation for not proceeding with the examination in the presence of only the insurer's videographer and court reporter, without the presence of the insured's videographer and court reporter. Thus, we reverse.

The insured had a homeowner's insurance policy with the insurer.[1] The insured made a claim with the insurer for a loss due to water damage. The homeowner's insurance policy provided that in the event of a loss, the insured was required to "[s]ubmit to examination under oath, while not in the presence of any other 'insured' . . . ." The policy further provided: "At your or our request, the examinations will be conducted separately and not in the presence of any other persons except legal counsel."

The insurer scheduled the insured for an examination under oath, during which the insurer's videographer and court reporter would be present. Before the insured's scheduled examination under oath, the insured's counsel emailed the insurer's counsel advising that the insured would be bringing her own videographer and court reporter to the examination. The email stated this was "for the protection of all" because the insurer's counsel's prior court reporters had made material transcription errors in the past. The insurer objected to the insured bringing a second videographer and court reporter. The insured appeared at the scheduled examination with her videographer and court reporter. The scheduled examination under oath did not proceed, and the insurer denied the claim.

The insured filed an amended complaint against the insurer for breach of contract and declaratory judgment due to the insurer's failure to pay a covered claim. The insurer filed an answer and affirmative defenses, alleging the insured breached the policy by failing to submit to an examination under oath. The insurer moved for summary judgment based on this affirmative defense. The insurer alleged that the insured had appeared for the scheduled examination under oath, but "impermissibly conditioned compliance with the policy on the attendance" of her own videographer and court reporter.

The insured filed a response to the motion for summary judgment, claiming that she "sat" for the examination under oath and "complied to some degree," but that the acrimonious relationship between the parties' attorneys prevented the examination from proceeding. The insured pointed to the documented history of unprofessional conduct by the insurer's trial counsel. *See SafePoint Ins. Co. v. Hallet*, 322 So. 3d 204, 206 n.1 (Fla. 5th DCA 2021) (referring the insurer's trial counsel to the Florida Bar based on unprofessional behavior during an examination under oath); *Lopez v. Avatar Prop. & Cas. Ins. Co.*, 313 So. 3d 230, 232

---

[1] The insurer was originally Avatar Property & Casualty Insurance Co. During the pendency of this appeal, Florida Insurance Guaranty Association was substituted for Avatar as appellee.

(Fla. 5th DCA 2021) (noting misrepresentations the insurer's trial counsel made to the trial court); *Fla. Bar v. Allen,* No. SC20-1470, 2021 WL 401950, at *1 (Fla. Feb. 4, 2021) (reprimanding the insurer's trial counsel for unprofessional conduct); *Avatar Prop. & Cas. Ins. Co. v. Jones,* 291 So. 3d 663, 668 (Fla. 2d DCA 2020) (noting unprofessional behavior by the insurer's trial counsel); *Rodriguez v. Avatar Prop. & Cas. Ins. Co.,* 290 So. 3d 560, 564-65 (Fla. 2d DCA 2020) (noting unprofessional behavior by the insurer's trial counsel).

After a hearing, the trial court granted the motion for summary judgment. The trial court found that although the insured appeared for the examination under oath, she did not submit to the examination and thus willfully and materially breached the policy. Following the denial of her motion for rehearing, the insured appealed.

A trial court's entry of summary judgment and a trial court's interpretation of a contract are both reviewed de novo. *Fla. Inv. Grp. 100, LLC v. Lafont,* 271 So. 3d 1, 4 (Fla. 4th DCA 2019); *see also Inlet Colony, LLC v. Martindale,* 340 So. 3d 492, 494 (Fla. 4th DCA 2022).

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

An "insured's refusal to comply with a demand for an examination under oath is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy." *Goldman v. State Farm Fire Gen. Ins. Co.,* 660 So. 2d 300, 303 (Fla. 4th DCA 1995). "If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." *Haiman v. Fed. Ins. Co.,* 798 So. 2d 811, 812 (Fla. 4th DCA 2001) (citation omitted).

In the instant case, the trial court erred in granting summary judgment in favor of the insurer because an issue of fact remains as to whether the insured "refus[ed] to comply" with the examination in the presence of only the insurer's videographer and court reporter. *See Goldman,* 660 So. 2d at 303. The policy language allows either party to request that the examination be conducted "not in the presence of any other persons except legal counsel." Although the insured wanted a videographer and court reporter of her choice, the insured also objected to the exclusive presence of the insurer's videographer and court reporter, without the presence of the insured's videographer and court reporter. Before the examination,

the insured advised the insurer that she would be bringing her own videographer and court reporter because she viewed the insurer's court reporter as unreliable. The insured based her view on allegedly material transcription errors made by past court reporters hired by the insurer's counsel. At no point did the insurer make clear it would proceed without the presence of both parties' videographers and court reporters.

Like in *Haiman*, the "insured cooperate[d] to some degree" in that she was present and ready to proceed with the examination, but the insurer refused to conduct the examination in the presence of the insured's videographer and court reporter. 798 So. 2d at 812. The insured also "provide[d] an explanation for" not proceeding with the examination in the presence of only the insurer's videographer and court reporter, due to concerns about the reliability of the insurer's court reporter. *See id.*; *see also Himmel v. Avatar Prop. & Cas. Ins. Co.*, 257 So. 3d 488 (Fla. 4th DCA 2018) (finding an issue of fact existed where although the insured failed to appear for the scheduled examination under oath, the record evidence reflected repeated requests to reschedule the examination due to unavailability); *Lewis v. Liberty Mut. Ins. Co.*, 121 So. 3d 1136, 1137 (Fla. 4th DCA 2013) (finding, generally, that an issue of fact remained where the insured requested that her examination under oath be conducted by telephone or in her attorney's office).

In summary, because the insurance policy allows either party to prevent a third party's presence, an issue of fact remains as to whether the insured cooperated to some degree or provided an explanation for not proceeding with the examination under oath in the presence of the insurer's videographer and court reporter without the insured's videographer and court reporter also being present. Thus, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

WARNER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**