# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1691
Lower Tribunal No. 21-20655
_____

**Katha, LLC, etc., et al.,**
Appellants,

vs.

**SHEDDF3-AE, LLC, etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Palomares-Starbuck & Associates, and Lorenzo J. Palomares, for appellants.

Agentis PLLC, and Christopher B. Spuches, for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

Appellants, Katha, LLC and Katherine Betancourt, the borrowers, challenge a final summary judgment rendered in favor of appellee, SHEDDF3-AE, LLC ("SHEDD"). Among the myriad of issues on appeal is whether SHEDD was entitled to record a deed in lieu of foreclosure after assigning all mortgage and loan documents to a third-party entity.[1] Concluding the assignment divested SHEDD of standing to declare a default and pursue the remedies provided under the documents, we affirm in part and reverse in part.

## BACKGROUND

We relay the facts in the light most favorable to the nonmovants, as we must. Brevard County v. Waters Mark Dev. Enters., LC, 350 So. 3d 395, 398 (Fla. 5th DCA 2022) ("In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor."). The borrowers obtained a loan from City National Bank of Florida. The loan was secured by a mortgage on a parcel of commercial property.

---

[1] We summarily reject the threshold jurisdictional argument. See Simpson v. Tarmac Am., LLC, 106 So. 3d 87, 88 (Fla. 3d DCA 2013).

3

For years, the borrowers remitted monthly payments, as required, without incident. In 2020, City National assigned the loan and mortgage to SHEDD. Shortly thereafter, SHEDD contacted the borrowers and informed them they were in default and the loan had been accelerated, but a modification or forbearance was possible. The precise nature of the default was not specified.

The parties negotiated a Forbearance Agreement and executed a Deed in Lieu of Foreclosure. The date of execution is disputed by the parties. The Forbearance Agreement reads: "This Settlement and Forbearance Agreement (the "Agreement") is entered and/or made effective as of the 27th day of February, 2021," but e-mail correspondence establishes that, as late as March 24, 2021, the parties were still negotiating the terms. Under the version the parties eventually executed, any default would terminate the forbearance period and entitle SHEDD to immediately exercise the option to record the Deed in Lieu of Foreclosure without notice to the borrowers.[2]

The borrowers remitted payment for their February and March obligations, but a dispute arose as to whether the April payment was timely rendered. The borrowers contend they delivered a personal check and

---

[2] This provision, of course, must be read as including only a *prospective*, as opposed to a *past*, default, or the forbearance period is rendered illusory.

4

SHEDD refused to negotiate it, while SHEDD asserts, without supporting documentation, that the check did not clear. Regardless, the borrowers ultimately hand-delivered two certified cashiers' checks encompassing the April payment and $4,800 in attorney's fees, as demanded by SHEDD.

SHEDD then executed an Assignment in favor of 2655 SW 25 LLC. The Assignment specified that SHEDD assigned "all of [its] right, title[,] and interest in and to the Loan, the Note, the Mortgage[,] and all other documents executed in connection with the Loan and the Loan Documents" to 2655 SW 25 LLC. "The Loan Documents" were expressly defined as the Note and Mortgage, along with "all other documents and instruments executed in connection with [the] Note."

Purportedly unaware of the assignment, the borrowers contend they continued to remit monthly payments to SHEDD, while simultaneously requesting the loan payoff amount. SHEDD recorded the Deed in Lieu of Foreclosure.

After learning the Deed in Lieu had been recorded, the borrowers filed suit in the circuit court seeking relief from the Forbearance Agreement. In a four-count complaint, they alleged claims for declaratory relief, rescission, unconscionability, and unjust enrichment. SHEDD counterclaimed for ejectment and moved for summary judgment.

The parties filed competing affidavits sharply disputing the underlying default, and the motion proceeded to a hearing. At the conclusion of the hearing, the trial court granted summary judgment on the complaint and counterclaim in favor of SHEDD. This appeal ensued.

**STANDARD OF REVIEW**

We review the issue of standing in a foreclosure dispute under a de novo standard. See St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015). Similarly, "[s]ummary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Thus, our standard of review is de novo." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) (internal citation omitted). While "[t]he new Florida Rule of Civil Procedure 1.510 indubitably endows the trial court with considerably broader authority to resolve a case on summary judgment," Navarro v. Borges, 2024 WL 1422996, at *2 (Fla. 3d DCA Apr. 3, 2024), "'the general rule remains intact: credibility determinations and weighing the evidence are jury functions, not those of a judge.'" Id. (internal quotation marks omitted) (quoting Gracia v. Sec. First Ins. Co., 347 So. 3d 479, 482 (Fla. 5th DCA 2022)).

**ANALYSIS**

6

It is well-established under Florida law that an assignment operates as "a transfer of all the interests and rights to the thing assigned." Lauren Kyle Holdings, Inc. v. Heath-Peterson Constr. Corp., 864 So. 2d 55, 58 (Fla. 5th DCA 2003). Thus, after an assignment of contractual rights is consummated, the assignee "stands in the shoes of the assignor," and the assignor "retains no rights to enforce the contract." Id.

Here, the dueling summary judgment affidavits chronicled a markedly different version of pre-suit events. As relevant to our analysis, the borrowers submitted record evidence refuting the allegation of default. Further, SHEDD conceded the authenticity of the Assignment assigning 2655 SW 25 LLC its right to enforce "the Loan Documents."

The term "Loan Documents" was contractually defined as broadly encompassing all documents executed in connection with the Loan. Hence, by executing the assignment, SHEDD transferred its prerogative to declare the loan in default and record the Deed in Lieu of Foreclosure to 2655 SW 25 LLC. See Country Place Cmty. Ass'n, Inc. v. J.P. Morgan Mortg. Acquisition Corp., 51 So. 3d 1176, 1179 (Fla. 2d DCA 2010) (explaining party who "did not own or possess the note and mortgage when it filed its lawsuit . . . lacked standing to maintain the foreclosure action"); Laing v. Gainey Builders, Inc., 184 So. 2d 897, 899 (Fla. 1st DCA 1966) ("[T]he assignee of

7

a mortgage and note assigned as collateral security is the real party in interest, that he holds the legal title to the mortgage and note, and that he, not the assignor, is the proper party to file a suit to foreclose the mortgage.").

SHEDD, however, advances the alternative contention that 2655 SW 25 LLC is an affiliated entity with overlapping management and aligned interests, therefore, the judgment is capable of affirmance. While the former factual allegation may indeed be true, the record is devoid of any showing of attendant circumstances that would permit us to disregard the corporate form and legally impute the action of one entity to another. See Am. Int'l Grp., Inc. v. Cornerstone Bus., Inc., 872 So. 2d 333, 336 (Fla. 2d DCA 2004) ("A parent corporation and its wholly-owned subsidiary are separate and distinct legal entities."). Because both the ejectment and unjust enrichment counts implicate the declaration of default and recording of the Deed in Lieu of Foreclosure, summary judgment on those claims cannot be sustained.

We find no merit, however, to the further assertion that the trial court erred in refusing to rescind or otherwise void the Forbearance Agreement. The terms may appear draconian to some, but the contract reflects it was entered into at arms' length. As the trial court astutely observed, "when parties choose to agree upon certain terms and conditions of their contract, it is not the province of the court to second-guess their wisdom or 'substitute

8

[its] judgment for that of the parties in order to relieve one from an alleged hardship of an improvident bargain.'" <u>City of Pompano Beach v. Beatty</u>, 222 So. 3d 598, 600 (Fla. 4th DCA 2017) (alteration in original) (quoting <u>Int'l Expositions, Inc. v. City of Miami Beach</u>, 274 So. 2d 29, 30–31 (Fla. 3d DCA 1973)).  Accordingly, we affirm the judgment under review on all counts, save that of ejectment and unjust enrichment.

Affirmed in part; reversed in part; and remanded.