DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LUTHERAN SERVICES FLORIDA, INC.,

Appellant/Cross-Appellee,

v.

RICARDO DAVIS,

Appellee/Cross-Appellant.

No. 2D2024-0912

_____

July 2, 2025

Appeal from the Circuit Court for Pinellas County; Amy M. Williams, Judge, and W. Douglas Baird, Senior Judge.

Mark D. Tinker and Brandon J. Tyler of Cole, Scott & Kissane, P.A., Tampa, for Appellant/Cross-Appellee.

Sharon E. Krick of Johnson Pope Bokor Ruppel & Burns, LLP, Clearwater; and Guy M. Burns of Johnson Pope Bokor Ruppel & Burns, LLP, St. Petersburg, for Appellee/Cross-Appellant.

BLACK, Judge.

Lutheran Services Florida, Inc., appeals and Dr. Ricardo Davis cross-appeals from the final judgment entered in favor of Dr. Davis. For the reasons expressed herein, we reverse and remand for entry of final judgment in favor of Lutheran Services. Since judgment must be entered

in favor of Lutheran Services on remand, Dr. Davis' cross-appeal, which concerns damages, is moot.

Lutheran Services operates federally funded Head Start programs in Pinellas and Hillsborough Counties pursuant to a contract with the United States Department of Health and Human Services. The relationship between Lutheran Services and the Department is governed by the Head Start Act. *See* 42 U.S.C. §§ 9831-9852. Lutheran Services operates the programs with the assistance of a policy council consisting of parents of children enrolled in the Head Start programs and other stakeholders of the programs. Dr. Davis was employed by Lutheran Services as executive director of the Head Start programs. Lutheran Services terminated his employment in June 2020.

In July 2020 Dr. Davis filed a complaint against Lutheran Services for declaratory and injunctive relief. Dr. Davis alleged that Lutheran Services acted without authority under the Act when it unilaterally terminated him without approval from the policy council; according to Dr. Davis, the Act mandated that both Lutheran Services and the policy council approve his termination. Dr. Davis therefore sought a declaration that Lutheran Services does not have the right under the Act to unilaterally terminate him as executive director. He also requested that the trial court direct Lutheran Services to reinstate his employment and enjoin Lutheran Services from unilaterally terminating him.

Lutheran Services moved to dismiss the complaint, arguing in part that the Act does not create a private right of action. Dr. Davis then filed a two-count amended complaint against Lutheran Services for breach of contract and for declaratory and injunctive relief. Dr. Davis again alleged that the Act did not authorize Lutheran Services to unilaterally terminate him but rather that the Act mandated that such a decision be approved

2

by both Lutheran Services and the policy council. Dr. Davis claimed to be a third-party beneficiary of the contract between Lutheran Services and the Department (Department Contract). And he alleged that the Department Contract required Lutheran Services to comply with the Act and that by failing to do so, Lutheran Services had breached the Department Contract. Dr. Davis asserted that his claim did not arise under federal law but rather that it was a claim for common law breach of contract. Nonetheless, the Department Contract was not attached to the amended complaint, nor was it ever filed in the trial court. Dr. Davis requested, as he had in the initial complaint, a declaration that Lutheran Services does not have the right under the Act to unilaterally terminate him as executive director. He also sought to have his employment reinstated and Lutheran Services enjoined from unilaterally terminating him.

Because there were no material facts in dispute, on February 8, 2023, the parties filed a joint motion to bifurcate the issues of liability and damages. The parties requested that liability be determined by the trial court on competing motions for summary judgment, leaving damages to be determined by a jury. With respect to the claims for declaratory and injunctive relief, the parties asserted in the motion to bifurcate that those claims were based on the same grounds as the claim for breach of contract. The trial court granted the joint motion to bifurcate and directed the parties to file their motions for summary judgment.

On March 10 Lutheran Services filed its motion for summary judgment, arguing that there is no private right of action under the Act and that Dr. Davis cannot circumvent that hurdle by repackaging his claim as one for breach of contract. According to Lutheran Services,

3

permitting such a claim would be in direct contradiction to congressional intent.  Lutheran Services otherwise argued that the Act did not require it to obtain approval from the policy council before terminating Dr. Davis.

That same day, Dr. Davis filed his competing motion, in which he argued—for the first time—that Lutheran Services breached the 2017 Addendum to Personnel Policies and Procedures (Addendum).  He explained that as mandated by the Act, Lutheran Services and the policy council jointly adopted the Addendum.  Dr. Davis asserted that his termination was in violation of the dismissal provision of the Addendum, to which he is a third-party beneficiary.  According to Dr. Davis, Lutheran Services' argument that it had exclusive authority to terminate him "is belied by the promises [Lutheran Services] made in the Addendum."  He conceded in the motion that the Act "does not expressly set forth a private right of action for aggrieved former executives like [himself]."  He also acknowledged that "[i]t is not clear that Congress 'implied' a private right of action for [him] under the Head Start Act itself" and that "case law exists to the contrary."  Nonetheless, Dr. Davis argued that he can maintain a claim for breach of the Addendum—which is not part of the Act or part of "the federal Head Start Regulations" but rather is a separate agreement between Lutheran Services and the policy council for the benefit of employees subject to termination.  Dr. Davis summarized this argument as follows:

> Accordingly, though the Head Start Act (probably) creates no private right of action for Dr. Davis by application of the federal statute, this does not preclude Dr. Davis from asserting a third party beneficiary theory under Florida state law, when this separate Addendum—which does not involve the government or the Head Start Act—is implicated.

4

Dr. Davis also argued that he was entitled to summary judgment on the claims for declaratory and injunctive relief based on Lutheran Services' breach of the Addendum.

In support of his motion for summary judgment, Dr. Davis filed an affidavit. In the affidavit he stated "[t]hat the Addendum is not a contract with the Federal Government, [Lutheran Services] and the Policy Council . . . ; rather, it is a separate agreement entered into between the [Lutheran Services] Board and Policy Council pursuant to the [Act]." He further stated that "[a]s the Executive Director, [he] was the beneficiary of the Addendum, which is designed to protect the Executive Director from unilateral actions from either the Policy Council or [Lutheran Services]." Dr. Davis attached a copy of the Addendum to his affidavit as an exhibit.

On March 20 Lutheran Services filed a response to Dr. Davis' motion for summary judgment, arguing in part that Dr. Davis had failed to plead a claim for breach of the Addendum. Pleading deficiency aside, Lutheran Services argued that Dr. Davis' claim for breach of the Addendum fails.

In Dr. Davis' response to Lutheran Services' motion for summary judgment—also filed on March 20—he asserted that Lutheran Services'

> principal contention [in its summary judgment motion]—that Dr. Davis does not have a private cause of action under the Federal Head Start Act—is irrelevant . . . because Dr. Davis is asserting a state law breach of contract claim as a third-party beneficiary, based on [Lutheran Services'] breach of the written 2017 "Addendum to Personnel Policies and Procedures" (the "Addendum") that [Lutheran Services] entered into with its Policy Council. Policy Council review and approval of [Lutheran Services'] desire to terminate Dr. Davis was required by that contract.

> Unfortunately for [Lutheran Services], [Lutheran Services] neither sought nor obtained Policy Council permission.
>
> . . . .
>
> Dr. Davis is entitled to the clear, written employment protections [Lutheran Services] and the Policy Council agreed to in the Addendum and Dr. Davis is entitled *to summary judgment on liability.*

Dr. Davis emphasized that the "2017 Addendum is between [Lutheran Services] and the Policy Council, *not* the Federal Dept. of Health and Human Services." Dr. Davis also asserted that because Lutheran Services breached the Addendum, he must prevail on the claims for injunctive and declaratory relief.

At the August 2023 hearing on the competing motions for summary judgment, Dr. Davis argued—in direct contradiction to his written arguments made in support of summary judgment and his sworn statements in his affidavit—that the Addendum is *not* a separate agreement from the Department Contract and therefore that the breach of the Addendum did not give rise to a separate cause of action. According to Dr. Davis, the Department Contract—which was never presented to the trial court—required Lutheran Services to put into place certain policies and procedures, Lutheran Services implemented those policies and procedures by adopting the Addendum, and then Lutheran Services breached the Addendum.

In the order granting Dr. Davis' motion for summary judgment and denying Lutheran Services' motion for summary judgment, the trial court did not expressly address Lutheran Services' argument regarding Dr. Davis' pleading deficiency but concluded as follows:

> There was a valid contract between Lutheran [Services] and the United States Department of Health and Human Services

> for Davis to be employed by Lutheran [Services]. That contract had a manifest intent to confer a benefit on Davis and, according to that contract and its addendums, hiring and firing decisions had to be approved by both the Policy Council and Lutheran Services[,] [which] did not occur.
>     . . . Davis was a third-party beneficiary of Lutheran[] [Services'] contract. . . . Lutheran [Services] breached the contract, so the Court finds for Davis as a matter of law on the issue of liability.

After the court resolved the matters before it on summary judgment, Dr. Davis withdrew the count for injunctive and declaratory relief. A jury trial was held on the issue of damages, after which the trial court entered final judgment in favor of Dr. Davis.

"We review an order granting summary judgment de novo." *CNJ Realty Assocs. v. Yankiv*, 399 So. 3d 1240, 1243 (Fla. 2d DCA 2025) (citing *Barber v. Manatee Mem'l Hosp., Ltd. P'ship*, 388 So. 3d 279, 285 (Fla. 2d DCA 2024)). "We also review a trial court's interpretation of a contract de novo." *Id.* (citing *Fla. Inv. Grp. 100, LLC v. Lafont*, 271 So. 3d 1, 4 (Fla. 4th DCA 2019)). "Summary judgment should only be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Id.* at 1244 (quoting Fla. R. Civ. P. 1.510(a)).

Lutheran Services argues on appeal that the trial court erred in granting summary judgment in favor of Dr. Davis on an unpled claim. We agree. "[T]here is a substantial body of case law . . . determining that issues and claims not specifically pleaded in a party's complaint or answer cannot be considered by a trial court reviewing a summary judgment motion." *Wilson v. Jacks*, 310 So. 3d 545, 547-48 (Fla. 1st DCA 2021) (citing cases). Though Dr. Davis raised the claim for breach of the Addendum in his motion for summary judgment, that was

7

insufficient. A motion is not a pleading, and a request for relief made only in a motion for summary judgment is insufficient. *See Turgman v. Boca Woods Country Club Ass'n*, 198 So. 3d 1125, 1126-27 (Fla. 4th DCA 2016) (explaining that "[i]t is well-settled that a party cannot be awarded relief that is not framed by the pleadings," distinguishing motions from pleadings, and holding that a request for relief made only in a motion for summary judgment is insufficient). Dr. Davis did not allege in the amended complaint how the Addendum had been breached or even that the Addendum had been breached, and he did not attach the Addendum to the amended complaint.[1] *See City of Delray Beach v. Sherman Williams Am. Legion, Post 188*, 358 So. 3d 440, 443 (Fla. 4th DCA 2023) ("[A] well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *see also* Fla. R. Civ. P. 1.110(b)(2) ("A pleading which sets forth a claim for relief . . . must state a cause of action and must contain . . . a short and plain statement of the ultimate facts showing that the pleader is entitled to relief . . . ."). Moreover, Dr. Davis swore in his affidavit that the Addendum is not a contract between the Department and Lutheran Services but is a separate agreement between Lutheran Services and the policy council. This is apparent from the face of the Addendum. The Addendum was approved only by the policy council and Lutheran Services—the Department is not a party to it.[2] Dr. Davis' unpled breach of Addendum

---

[1] During the summary judgment hearing, Dr. Davis claimed that the Addendum had been attached to the pleadings. The record demonstrates otherwise.

[2] In the statement of facts section of his brief, Dr. Davis states that the Addendum is a separate agreement from the Department Contract,

claim was not subsumed within his claim for breach of the Department Contract. The trial court therefore erred in granting relief on an unpled claim. *Cf. Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So. 2d 561, 563 (Fla. 1988) (concluding that the unpled theory of negligence advanced shortly before trial was not subsumed within the general negligence allegation of the counterclaim; that "Bowmar did not prove the allegation of the counterclaim, but rather proved a claim *not* pled with sufficient particularity for Arky, Freed to prepare a defense"; and that "Bowmar [wa]s thus precluded from recovery on this essentially unpled claim"); *Robbins v. Newhall*, 692 So. 2d 947, 949-50 (Fla. 3d DCA 1997) (reversing judgment on an unpled theory of medical malpractice and holding that the claim was not subsumed within the general medical malpractice allegations of the complaint).[3]

Lutheran Services otherwise contends that the trial court erred in failing to grant summary judgment in its favor. Again, we agree. We reiterate that the pleadings contained only two counts: one for breach of the Department Contract and one for declaratory and injunctive relief,

---

relying on his affidavit. Inexplicably, however, he later argues in his brief that the Addendum is not a separate agreement from the Department Contract.

[3] Even if properly pled, Dr. Davis' claim for breach of the Addendum and his claims for injunctive and declaratory relief based on that breach fail. The Addendum indicates that the executive director is one of several "Grantee Key Positions." And under the provision of the Addendum titled "Termination of Grantee Key Positions," the Addendum directs that the termination of the executive director must be approved by Lutheran Services; it does not also require approval by the policy council.

which was based on the same grounds as the count for breach of Department Contract.  In Dr. Davis' motion for summary judgment and his written response to Lutheran Services' motion for summary judgment, it appeared as though he had abandoned the claims as pleaded, instead arguing that Lutheran Services had breached a "separate" agreement to which the Department was not a party.  At the hearing, he maintained that Lutheran Services had breached the Addendum but argued that the Addendum was not a separate agreement; rather, it and the Department Contract were "part and parcel of the same agreement."  In any event, Dr. Davis' arguments to the trial court demonstrate that the success of the claims actually pled in the amended complaint hinged upon there having been a breach *of the Addendum.*  But because breach of the Addendum is a separate cause of action that was not pled (and, as noted above, was otherwise without merit), Lutheran Services was entitled to entry of summary judgment in its favor.  Therefore, we reverse the final judgment entered in favor of Dr. Davis and remand for entry of final judgment in favor of Lutheran Services.

Reversed and remanded.

SLEET and MOE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.